IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Christopher A Josey,         )
         )
                  Plaintiff,   )    Civil Action No. 0:07-741-HMH-BM
v.         )
         )
CO. Racine, Lt. Buchanan,   )   **REPORT AND RECOMMENDATION**
Sgt. Tomlin, Lt. Kelly, Cpl. Benner, )
Director Simon Major, William   )
Noonan, Johnny Lacoste,   )
         )
                  Defendants.   )
_____)

       This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Sumter-Lee Regional Detention Center, alleges violations of his constitutional rights by the named Defendants.

       All Defendants except for the Defendant Lacoste filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 6, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 9, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. The Defendant Lacoste thereafter filed his own motion for summary judgment on August 22, 2007, following which a second Roseboro order was entered on August 27, 2007.

       Plaintiff filed an affidavit with the Court on October 5, 2007, as well as an additional response to the Defendants' motions on October 30, 2007. Defendants' motions are now before the

1



Court for disposition.[1]

## **Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that around 10:30 p.m., on February 2, 2007 he asked the Defendant Correctional Officer Racine for some "request forms". Plaintiff alleges that when told he would have to "wait a minute", he complained that "I have to start acting a fool fight or threaten to stab ya'll to get what I want." Plaintiff alleges that thereafter, at around 5:30 a.m. on the morning of February 3, 2007, the Defendants Sergeant Tomlin, Sergeant Kelly, Corporal Bonner, Lieutenant Buchanan, and Correctional Officer Racine came into his room and told him to get out of bed. Plaintiff alleges that he "got up after asking twice what's going on." Plaintiff further alleges that he was then handcuffed and "shackled down" for thirteen (13) hours until 6:15 p.m., when "Sgt. Jones along with Asst. Director McGhaney took off restraints."

Plaintiff alleges that when the restraints were being placed on him, Buchanan and Kelly both "stood" with tazers while Bonner and Tomlin put the restraints on him and "took everything out of my cell." Plaintiff alleges that Racine, who is the "cause of all this by lying about what I said I was going to stab all the officers that opened my door", watched as the restraints were placed on him. Plaintiff alleges that he "never said no such thing", and that his statement was

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



actually directed to other inmates who had already assaulted officers.

Plaintiff alleges that a "Lt. Guinard" came to check on his wrists and ankles around 4:30 p.m., that his wrists were bruised, but that Guinard told him the Assistant Director was the one who had to take the restraints off. Plaintiff alleges that McGhaney and Jones then took the shackles off at approximately 6:15 p.m., but that his restraints should have been taken off after only two to four hours. Plaintiff alleges that this incident caused him pain and suffering, and seeks monetary damages. See generally, Verified Complaint. In an amendment to his Complaint filed May 3, 2007, Plaintiff added William Noonan and Johnny Lacoste as party Defendants, alleging that he was in these two individuals' care while detained at the Detention Center.

In support of summary judgment in the case the Defendants have submitted numerous affidavits and exhibits relating to the incident at issue. However, for purposes of consideration of Defendants' motions, the undersigned need only reference the affidavit of Darryl McGhaney dated June 19, 2007. McGhaney attests in this affidavit, inter alia, that he is the Assistant Director for the Sumter-Lee Regional Detention Center, and that part of his duties include the monitoring of inmate grievances filed at the Detention Center. McGhaney attests that Plaintiff filed numerous grievances during his period of incarceration at the Detention Center[3], which shows that Plaintiff knew "how to file a grievance if he desire[d] to do so." McGhaney further attests that he has reviewed all of the grievances in the Plaintiff's inmate file (a copy of which is attached to his affidavit as Exhibit A), and that there are no grievances relating to this incident. See generally, McGhaney Affidavit, and attached Exhibit A.

---

[3]Plaintiff is no longer at the Detention Center. He is now an inmate with the South Carolina Department of Corrections, housed at the Turbeville Correctional Institution. See Docket Entry No. 92 [change of address notice].



### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue, inter alia, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. After careful review and consideration of the materials filed with this Court, the undersigned is constrained to agree. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[4]

---

[4] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of

(continued...)



under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed with his claim in this Court, he must first have exhausted the administrative remedies that were available at the jail.

The Fourth Circuit has held that it is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Here, the Defendants have asserted this defense in their answers, and support their argument for dismissal on this ground through the testimony of McGhaney as well as through the submission of Plaintiff's inmate file, showing that Plaintiff filed no grievance with respect to this incident. Despite

---

[4](...continued)
        confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).



the Defendants having asserted this defense and presented evidence on this issue, however, Plaintiff fails to even address this issue in the affidavit he filed in response to the Defendants' motions for summary judgment. Further, a review of Plaintiff's verified Complaint shows that Plaintiff himself acknowledges that he did not file a grievance with respect to this claim. See Verified Complaint, p. 2, Section II.[5]

In sum, the Defendants have submitted probative evidence showing that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, Plaintiff's own verified Complaint confirms that he failed to file any grievance with respect to this claim, and Plaintiff has failed to address this defense or Defendants' evidence in his response to the Defendants' motions for summary judgment. Therefore, the Defendants are entitled to summary judgment on Plaintiff's claim. Booth, 532 U.S. at 741; cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"].

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff

---

[5]Plaintiff's indication in his verified Complaint that he did not file a grievance because there was no prisoner grievance procedure at the jail is patently without merit, as his own inmate file reflects that Plaintiff had filed numerous grievances while he was incarcerated at the Sumter-Lee Detention Center. Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) [explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)].



to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November  2, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

