IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Christopher A. Josey, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:07-741-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| CO Racine, Lt. Buchanan, | ) | |
| Sgt. Tomlin, Lt. Kelly, Cpl. Benner, | ) | |
| Director Simon Major, William | ) | |
| Noonan, and Johnny Lacoste, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina. Christopher A. Josey ("Josey"), a state prisoner proceeding pro se, alleges that while he was incarcerated as a pretrial detainee at the Sumter-Lee Regional Detention Center, he was placed in shackles for thirteen hours. Josey asserts that the incident caused him pain and suffering and seeks monetary damages. In his Report and Recommendation, Magistrate Judge Marchant recommends granting the Defendants' motions for summary judgment and dismissing the case without prejudice because Josey has failed to exhaust his administrative remedies.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In his complaint, Josey alleges that around 10:30 p.m. on February 2, 2007, he asked Correctional Officer Racine ("Racine") for some request forms. (Compl. 3.) When Racine told Josey to "wait a minute," Josey replied that "I have to start acting a fool, fight or threaten to stab

1

ya'll to get what I want?" (Id.) According to Josey, at 5:30 a.m. on February 3, 2007, Sgt. Tomlin, Sgt. Kelly, Cpl. Benner, Lt. Buchanan, and Racine entered his room and placed him in handcuffs and shackles. (Id.) Josey alleges that he was placed in shackles for thirteen hours, until 6:15 p.m. on February 3, 2007. (Id.)

All Defendants except for Johnny Lacoste ("Lacoste") filed a motion for summary judgment on July 6, 2007. As Josey is proceeding pro se, a Roseboro order was entered by the court on July 9, 2007. Lacoste filed a motion for summary judgment on August 22, 2007, and a second Roseboro order was entered on August 27, 2007. Josey filed an affidavit on October 5, 2007, and an additional response to the Defendants' motions on October 30, 2007. Magistrate Judge Bristow Marchant entered his Report and Recommendation on November 2, 2007, recommending granting the Defendants' motions for summary judgment and dismissing Josey's complaint without prejudice for failure to exhaust his administrative remedies.

## II. OBJECTIONS

Josey filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Josey's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or

merely restate his claims. However, the court was able to glean one specific objection. Josey objects to the Magistrate Judge's finding that he failed to exhaust administrative remedies.

### III. DISCUSSION OF LAW

In his objections, Josey does not dispute that he failed to file a grievance form for the incident at issue in this case, but asserts that Daryl McGhaney ("Major McGhaney") prevented him from doing so. (Objections 1-3.) Specifically, Josey states that he "did gave [sic] Major McGhaney a hand written note stating the entire incident and a grievance form in which he stated he did not need." (Id. 1.)

"If administrative remedies are not available to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (internal quotation marks omitted). Major McGhaney disputes that Josey filed a grievance relating to this incident and further states that the number of grievances included in Josey's file indicates that grievance procedures were available to Josey and that Josey knew how to properly file a grievance. (Defs.' Mem. Supp. Summ. J. Ex. 8 (Major McGhaney Aff. ¶ 13).) Further, Josey's assertion that Major McGhaney told him immediately after the incident that he did not need a grievance form does not rise to the level of demonstrating that the grievance procedures were unavailable to Josey. Based on the foregoing, the court agrees with the Magistrate Judge that Josey failed to exhaust administrative remedies available to him.

In addition, the court finds that Josey's claim fails substantively as well. As stated above, Josey was a pretrial detainee at the time of the incident. "[E]xcessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment." Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997). "[T]he Due Process Clause protects a

pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). However, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Bell v. Wolfish, 441 U.S. 520, 540 (1979). Although there is some dispute over the length of time that Josey was placed in shackles, even taking his allegations as true, the prison officials' actions of placing Josey in restraints were clearly a reasonable reaction to Josey's undisputed statement that he would have to threaten to stab an officer to "get what I want." (Compl. 3.)

Further, Josey suffered no injury as a result of the limited time he spent in restraints. See Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (finding that a pretrial detainee's allegations that he spent six hours with his hands cuffed behind his back, was slapped, and had a pen shoved in his nose demonstrated only de minimis injuries.) While restrained, Josey was "able to stand up, move around his cell, and lie down in his bed" and was prevented only "from being able to strike out at another individual." (Defs.' Mem. Supp. Summ. J. Ex. 8 (Major McGhaney Aff. ¶ 15).) "Punishment must mean something more than trifling injury or negligible force." Riley, 115 F.3d at 167. "The de minimis nature of [Josey's] injuries cannot be squared with [his] need to demonstrate excessive force amounting to punishment." Id. Therefore, because the undisputed evidence is that Josey suffered no injury as a result of the Defendants' reasonable and limited response to his threat, the Defendants' motions for summary judgment are granted. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and

Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motions for summary judgment, docket numbers 48 and 73, are granted.

**IT IS SO ORDERED**.

                                      s/Henry M. Herlong, Jr.
                                      United States District Judge

Greenville, South Carolina
November 20, 2007

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.